Filed 6/13/25  P. v. Quintanilla CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084570 |
| v. | (Super.Ct.No. BAF006193) |
| RICHARD ROBLES QUINTANILLA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Dismissed.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Richard Robles Quintanilla, appeals from the order of the Riverside County Superior Court denying his Penal Code[1] section 1172.1 petition for resentencing. We will dismiss the appeal.

**BACKGROUND**

In 2010, a jury found defendant guilty as charged of attempted robbery (§§ 664, 211) and criminal threats (§422). The jury also found he used a knife in the commission of the robbery (§ 12022, subd. (b)(1)).

In a bifurcated proceeding, defendant pled guilty to active gang participation (§ 186.22, subd. (a)) and admitted two prior strike convictions and one prior serious felony conviction (§ 667, subds. (a), (c) & (e)). The court sentenced him to a total prison term of 31 years to life, consisting of 25 years to life for the attempted robbery, with an additional five years for the prior serious felony conviction, and one year for the knife enhancement. The court also imposed a concurrent term of 25 years to life on the criminal threats conviction and dismissed the gang offense in the interest of justice.

Defendant appealed the judgment and, pursuant to section 654, we stayed the sentence imposed for the criminal threats conviction and remanded the matter with instructions to correct the abstract of judgment to reflect the stay. (*People v. Quintanilla* (Nov. 1, 2011, E052179) [nonpub. opn.].) We affirmed the judgment in all other respects. (*Ibid.*)

---

[1] All further statutory references are to the Penal Code.

In July 2024, defendant filed a section 1172.1 request for recall of sentencing. The trial court denied the request. Defendant timely noticed this appeal, and we appointed counsel to represent him.

## DISCUSSION

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel notes we have discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 to conduct an independent review of the record in appeals from denials of section 1172.6 petitions.

Upon receipt of the opening brief, we notified defendant that his counsel had filed a brief stating counsel had not found an arguable issue, that this court is not required to conduct an independent review of the record but it may exercise its discretion to do so, and we invited him to file any arguments he deemed necessary. Defendant did not file a brief.

Neither defendant nor his counsel have presented an issue and upon our review of the record, we do not find any error. Accordingly, we dismiss defendant's appeal.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MCKINSTER
J.

MILLER
J.